In re Richard LELI, Jr., d/b/a RL Homes, Debtor.

Diane L. Jensen, as the Chapter 7 Trustee for Richard Leli, Jr. d/b/a RL Homes, Plaintiff,

v.

Cardillo, Keith & Bonaquist, P.A., Christopher Marsala and Deborah Marsala, individually and as Trustees, Anthony Marino, MLB Development & Holdings, LLC, Hunters Property, LLC, Tula Enterprises, LLC, and Tropicana Avenue Development, LLC, Defendants.

Bankruptcy No. 9:07–BK–12154–ALP. Adversary No. 9:08–AP–00090–ALP.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Jan. 6, 2010.

Seth P. Traub, Steven M. Berman, Thomas M. Wood, Attorneys for Trustee, Shumaker Loop & Kendrick, LLP, Tampa, FL, for Plaintiff.

Douglas B. Szabo, Henderson, Franklin, Starnes & Holt PA, Fort Myers, FL, James D. Gibson, Gibson, Kohl–Helbig & Wolff, PL, Sarasota, FL, Antonio Faga, Theodore R. Walters, Cummings & Lockwood, LLC, Naples, FL, Christopher Marsala, Estero, FL, for Defendants.

*ORDER ON MOTION FOR FINAL SUMMARY JUDGMENT AS TO COUNTS IX, X, AND XI OF PLAINTIFF'S AMENDED COMPLAINT (DOC. NO. 169) AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. NO. 173)*

ALEXANDER L. PASKAY, Bankruptcy Judge.

**THE MATTER** under consideration in the above-captioned case of Richard Leli, Jr., d/b/a RL HOMES (the Debtor), are two motions for summary judgment. The first motion is a Motion for Final Summary Judgment as to Counts IX, X and XI of Plaintiff's Amended Complaint (Doc. No. 169), filed by Christopher Marsala, MLB Development & Holdings, LLC ("MLB"), Hunters Property, LLC ("Hunters"), and Tropicana Avenue Development, LLC ("Tropicana") (Defendants), named in the above adversary proceeding filed by Diane L. Jensen, the Chapter 7 Trustee ("Trustee/Plaintiff") for the estate of the Debtor. The first Motion is filed by the Defendants who contend they are entitled to Final Summary Judgment as to the claims set forth in Counts IX, X and XI of the Amended Complaint, arguing that the properties transferred were not fraudulent in nature and, therefore, are not voidable

by the Trustee as fraudulent transfers. The Defendants contend that the Plaintiff failed to meet her burden pursuant to 11 U.S.C. § 548(a)(1)(A) and (B) with respect to Counts IX and X, to establish that the transfers were made with the actual intent to hinder, delay or defraud and that the Debtor was insolvent or became insolvent as a result of the transfers. Thus, the Defendants contend that since the claims asserted by the Plaintiff pursuant to 11 U.S.C. § 548(a)(1)(A) and (B) fail, the Plaintiff's claim in Count XI filed pursuant to 11 U.S.C. § 550(a)(1)(A) also fails as a ˋmatter of law.

The second motion is Plaintiff's Motion for Partial Summary Judgment (Doc. No. 173). The Plaintiff in her motion argues that the transfers of property by the Debtor to the Defendants were fraudulent and should be reversed as fraudulent transfers. The Plaintiff claims that the Debtor admitted that the MLB and Tropicana transfers were made to keep creditors away from them. Further, the Plaintiff argues that the transfers meet several badges of fraud, including the relationship between the parties, the lack of consideration and the insolvency of the Debtor. Finally, it is the contention of the Plaintiff that there are no genuine issues of material fact as to the allegations set for in Counts IX, X, and XI of the Plaintiff's Amended Complaint for Damages and, therefore, she is entitled to partial summary judgment against the Defendants as a matter of law.

The particular Counts applicable to the current Motions before this Court are set forth in the Amended Complaint (Doc. No. 100) filed by the Trustee. The Counts are as follows:

### Count IX: Avoidance of Fraudulent Transfers (11 U.S.C. § 548(a)(1)(A)) (MLB and Tropicana)

In Count IX of the Amended Complaint, the Plaintiff alleges that the MLB Trans-

fer, 6971 Hunters Road Transfer, Parcel 00285402106 Transfer, and Tropicana Avenue Transfers were transfers of an interest of the Debtor in his property. The Plaintiff contends that pursuant to 11 U.S.C. § 548(a)(1)(A), the MLB Transfer, 6971 Hunters Road Transfer, Parcel 00285402106 Transfer, and Tropicana Avenue Transfers were made with actual intent to hinder, delay or defraud any creditor of the Debtor or any entity to which the Debtor was or became indebted, on or after the date such MLB Transfer, 6971 Hunters Road Transfer, Parcel 00285402106 Transfer, and Tropicana Ave Transfers were made.

It is also the contention of the Plaintiff that the Debtor received less than a reasonably equivalent value in exchange for the MLB Transfer, 6971 Hunters Road Transfer, Parcel 00285402106 Transfer, and Tropicana Avenue Transfers. The MLB Transfer, 6971 Hunters Road Transfer, Parcel 00285402106 Transfer, and Tropicana Avenue Transfers were made while the Debtor was insolvent or the Debtor was made insolvent as a result of such transfers. The Plaintiff contends that the MLB Transfer, 6971 Hunters Road Transfer, Parcel 00285402106 Transfer, and Tropicana Avenue Transfers were made at a time when the Debtor was engaged in business or a transaction for which any remaining property of the Debtor was unreasonably small capital. And, at the time of the MLB Transfer, 6971 Hunters Road Transfer, Parcel 00285402106 Transfer, and Tropicana Avenue Transfers, the Debtor intended to incur debts that would be beyond the Debtor's ability to pay such debts as they matured.

### Count X: Avoidance of Fraudulent Transfers (11 U.S.C. § 548(a)(1)(B)) (MLB and Tropicana)

The Plaintiff in Count X of the Amended Complaint contends that the MLB

Transfer, 6971 Hunters Road Transfer, Parcel 00285402106 Transfer, and Tropicana Avenue Transfers were transfers of an interest of the Debtor in his property and such transfers were made with actual intent to hinder, delay or defraud any creditor or entity to which the Debtor was or became indebted, on or after the date such transfers were made. It is also the contention of the Plaintiff that the Debtor received less than a reasonably equivalent value in exchange for the MLB Transfer, 6971 Hunters Road Transfer, Parcel 00285402106 Transfer, and Tropicana Avenue Transfers. The Plaintiff further contends that pursuant to 11 U.S.C. § 548(a)(1)(B) the MLB Transfer, 6971 Hunters Road Transfer, Parcel 00285402106 Transfer, and Tropicana Avenue Transfers were made while the Debtor was insolvent or the Debtor was made insolvent as a result of such Transfers. And, furthermore, the MLB Transfer, 6971 Hunters Road Transfer, Parcel 00285402106 Transfer, and Tropicana Avenue Transfers were made at a time when the Debtor was engaged in business or a transaction for which any remaining property of the Debtor was unreasonably small capital. At the time of the MLB Transfer, 6971 Hunters Road Transfer, Parcel 00285402106 Transfer, and Tropicana Avenue Transfers, the Debtor intended to incur debts that would be beyond the Debtor's ability to pay such debts as they matured.

## Count XI: Recovery of Avoided Transfers (11 U.S.C. § 550) (Marsala, Wife, Marino, MLB, Hunters, Tula, and Tropicana)

Count XI of the Amended Complaint, is filed pursuant to 11 U.S.C. 550, and the Plaintiff alleges that the MLB Transfer, 6971 Hunters Road Transfer, Parcel 00285402106 Transfer, and Tropicana Avenue Transfers should first be avoided by this Court as against MLB and Tropicana.

Furthermore, the Plaintiff asserts that she should recover either the property transferred to MLB and Tropicana by and through the MLB Transfer, 6971 Hunters Road Transfer, Parcel 00285402106 Transfer, and Tropicana Avenue Transfers, or the value of such property transferred. Marsala, his Wife, Marino, MLB, Hunters, Tula and Tropicana are all initial transferees, or mediate transferees, of the MLB Transfer, 6971 Hunters Road Transfer, Parcel 00285402106 Transfer, or Tropicana Avenue Transfers, and, therefore, they should have to disgorge the transferred property or pay to the Plaintiff the value thereof on the Petition Date.

At the duly scheduled and noticed hearing on the Motion for Final Summary Judgment as to Counts IX, X, XI of Plaintiff's Amended Complaint (Doc. No. 169), and on Plaintiff's Motion for Partial Summary Judgment (Doc. No. 173), this Court heard extensive argument by the Defendants, counsel for the Defendants and also counsel for the Plaintiff, has considered the record and relevant case law, and now finds and concludes as follows:

Summary judgment should only be granted when the moving party has proved that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Issues of fact are genuine only if a reasonable jury, considering the evidence presented, could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The facts are material if they affect the outcome of the trial under governing law. *Id.* at 248, 106 S.Ct. 2505. The moving party has a burden to prove the absence of a genuine issue of material facts. *Adickes v. S.H.*

*Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). After the movant has met its burden, the non-moving party must come forward with specific factual evidence establishing the existence of a material factual dispute. *Gargiulo v. G.M. Sales, Inc.,* 131 F.3d 995, 999 (11th Cir.1997). "The evidence presented by a non-moving party cannot consist of conclusory allegations or legal conclusions" but instead must present specific facts showing that there is a genuine issue for trial. *Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir.1991); Fed.R.Civ.Pro. 56(e). A court must view the evidence in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (U.S. 1970). If a court finds that there is a genuine issue as to ultimate fact, it is improper for the court to grant a motion for summary judgment. Fed.R.Civ.P. 56(c).

This Court has reviewed the Motions, together with the record and is satisfied that there are genuine issues of material fact which preclude the granting of summary judgment as a matter of law. Therefore, this Court is satisfied that the Motions are not well taken, and should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Final Summary Judgment as to Counts IX, X and XI of Plaintiff's Amended Complaint (Doc. No. 169) be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for Partial Summary Judgment (Doc. No. 173) be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the claims set forth in Counts IX, X and XI of Plaintiffs Amended Complaint shall proceed to trial in the United States District Court as scheduled.